## LETHBRIDGE v. WARDELL et al.

(Circuit Court of Appeals, Second Circuit. April 14, 1920.)

No. 187.

Wharves ⬤⟿20 (5) —Consignee or pier manager not liable for injury to boat entering slip to discharge.

Where the master of a canal boat insisted on entering a slip to his discharging berth, although it was so obstructed by other vessels as to be unsafe, as he was warned, neither the consignee of the cargo nor the manager of the pier, who assisted him in his attempt, *held* liable for injury to the boat.

Appeal from the District Court of the United States for the Eastern District of New York.

Suit in admiralty by George W. Lethbridge against Winant B. Wardell and the Commercial Coal Company. Decree for respondents and plaintiff appeals. Affirmed.

The following is the opinion of Garvin, District Judge, in the court below:

The canal boat Agnes Hickey, with a cargo of coal, was injured at a pier at the foot of Twenty-Fifth street, Brooklyn. She arrived there on September 6, 1917, with a cargo of coal consigned to the respondent the Commercial Coal Company. The slip was not clear, and as she proceeded to the coal pockets of the Commercial Coal Company, which are situated at the inner end of the slip, she found her passage barred by a stone barge.

The respondent Wardell controlled the pier, and when his son learned of the difficulties he at once went to the canal boat and was active in persuading those in control of the stone barge to move it across the slip, so that the canal boat might go through. The employés of the Commercial Coal Company assisted in moving the latter boat. This moving, however, should have been done under the direction of the captain of the canal boat. Inasmuch as the space between the wharf and the stone barge was too narrow to permit the canal boat to go through, and as the tide fell, she was injured.

It seems to the court that, even if either one or both of the respondents was prevented access to the pockets of the Commercial Coal Company, nevertheless the canal boat had no right to attempt to pass any point in the slip where conditions were such that a passage could not be effected without danger to the boat. The testimony shows that the captain was warned of this danger, and in view of the fact that he nevertheless made the attempt, neither one of the respondents should be held responsible.

The libel is dismissed.

Macklin, Brown & Purdy, of New York City (Pierre M. Brown, of New York City, of counsel), for appellant.

Alexander & Ash, of New York City (Mark Ash, of New York City, of counsel), for appellee Wardell.

Foley & Martin, of New York City (William J. Martin and George V. A. McCloskey, both of New York City, of counsel), for appellee Commercial Coal Co.

Before WARD, HOUGH, and MANTON, Circuit Judges.

PER CURIAM. Decree affirmed.

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes